Michael J. Gottlieb (*Admitted pro hac vice*)
mgottlieb@willkie.com
WILLKIE FARR & GALLAGHER LLP
1875 K St N.W.
Washington, D.C. 20006
Telephone: (202) 303-1000
Facsimile:  (202) 303-2000

Marina A. Torres (SBN 259576)
mtorres@willkie.com
Logan M. Elliott (SBN 268105)
lelliott@willkie.com
WILLKIE FARR & GALLAGHER LLP
2029 Century Park East, Suite 2900
Los Angeles, California 90067
Telephone:  (310) 855-3000
Facsimile:  (310) 855-3099

Attorneys for Applicants Patrick McKillen and Hume Street Management Consultants Limited

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF PATRICK MCKILLEN AND HUME STREET MANAGEMENT CONSULTANTS LIMITED, APPLICANTS, FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING,<br><br>Applicants. | CASE NO.:  2:24-mc-00062-JFW-PD<br><br>Hon. John F. Walter<br>Magistrate: Hon. Patricia Donahue<br><br>**DECLARATION OF MICHAEL J. GOTTLIEB IN SUPPORT OF APPLICANTS' SECOND EX PARTE APPLICATION FOR ORDER APPROVING ALTERNATIVE SERVICE OR, IN THE ALTERNATIVE, GRANTING LEAVE TO SERVE BY ALTERNATIVE MEANS** |

I, Michael J. Gottlieb, declare and state as follows:

1. I am a partner at Willkie Farr & Gallagher LLP. I have been retained by Patrick McKillen and Hume Street Management Consultants Limited and represent them in the above-captioned action. I submit this declaration based on my personal knowledge.

2. I submit this Declaration in support of Applicants' *ex parte* application and supporting memorandum of law seeking entry of an order by this Court approving prior alternative service of Sheikh Hamad bin Jassim bin Jaber bin Mohammed bin Thani Al Thani ("Sheikh Hamad bin Jassim") or, in the alternative, granting Applicants leave to serve Sheikh Hamad bin Jassim via alternative means.

3. I attach hereto true and correct copies of the following documents that I refer to in this Declaration: the Proof of Service by certified mail on Friday, August 23, 2024 (Document Subpoena) as **Exhibit 1**; the Proof of Service by certified mail on Friday, August 23, 2024 (Deposition Subpoena) as **Exhibit 2**; the Proof of Service by priority mail on Monday, August 26, 2024 (Document Subpoena) as **Exhibit 3**; the Proof of Service by priority mail on Monday, August 26, 2024 (Deposition Subpoena) as **Exhibit 4**; the USPS Tracking Plus page for the priority mailing (Document Subpoena) as **Exhibit 5**; the USPS Tracking Plus page for the priority mailing (Deposition Subpoena) as **Exhibit 6**; the USPS Tracking Plus page for the certified mailing (Document Subpoena) as **Exhibit 7**; the USPS Tracking Plus page for the certified mailing (Deposition Subpoena) as **Exhibit 8**; email correspondence with Sheikh Hamad bin Jassim's retained counsel as **Exhibit 9**; State of California Office of the Secretary of State Statement of Information for Chalon Holdings LLC as **Exhibit 10**; the Declaration of Leigh E. Kramer filed in *Hume St. Mgmt. Consultants Ltd. v. Sheikh Hamad bin Khalifa bin Hamad bin Abdullah bin Jassim bin Mohammed al Thani*, 22-SMC-cv-02646 (L.A. Super. Ct.) as **Exhibit 11**; and the Declaration of Patrick McKillen filed in *Hume St. Mgmt.*

1  *Consultants Ltd. v. Sheikh Hamad bin Khalifa bin Hamad bin Abdullah bin Jassim*
2  *bin Mohammed al Thani*, 22-SMC-cv-02646 (L.A. Super. Ct.) as **Exhibit 12**.

3      4.    After the Court issued an order granting Applicants leave to serve the Subpoenas on Sheikh Hamad bin Jassim at his residence via priority mail on August 21, 2024, on August 23, 2024, I caused Applicants' vendor to be engaged to mail the Subpoenas to Sheikh Hamad bin Jassim at his residence via priority mail. Due to an internal miscommunication at Applicants' vendor, the Subpoenas were mailed out via certified mail instead. *See* Exs. 1 and 2. On August 26, 2024, upon realizing this error, I again caused the Subpoenas to be mailed to Sheikh Hamad bin Jassim's residence via priority mail. *See* Exs. 3 and 4. Neither mailing, on August 23rd or 26th, requested a signature upon delivery.

    5.    On August 27, 2024, I learned that both mailings, the certified and priority mailing made on August 23rd and 26th, respectively, had been "refused" when the U.S. Postal Service attempted delivery on two separate occasions that day and returned to sender. *See* Exs. 5–8.

    6.    On September 13, 2024, Applicants received an email from Adam Lloyd at Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") stating that he and Jason Russell, also at Skadden, had been retained to represent Sheikh Hamad bin Jassim in responding to the Subpoenas in this proceeding. *See* Ex. 9 at 6–7 (Email of Adam Lloyd, dated September 13, 2024). Mr. Lloyd stated that he and Mr. Russell were not authorized to accept service on behalf of Sheikh Hamad bin Jassim. *Id.* at 6. Nonetheless, Mr. Lloyd requested copies of the documents sent to Sheikh Hamad bin Jassim via priority mail following this Court's August 21, 2024 Order granting Applicants' application for alternative service to use in preparation for an anticipated motion to quash. *Id.* Mr. Lloyd also claimed, again, that Sheikh Hamad bin Jassim does not live in Los Angeles. *Id.*

    7.    I understand, based on Mr. Lloyd's representation that he and Mr. Russell have been retained to represent Sheikh Hamad bin Jassim for the purpose of

1  responding to the Subpoenas in this proceeding, that Sheikh Hamad bin Jassim is
2  aware of and has received notice of the Subpoenas.

3       8.    On September 17, 2024, Applicants responded to Mr. Lloyd. *Id*. at 5–
4  6 (Email of Emma Claire Brunner, dated September 17, 2024). Applicants attached
5  the documents as priority-mailed to Sheikh Hamad bin Jassim and queried whether
6  Mr. Lloyd would reconsider his refusal to accept service on Sheikh Hamad bin
7  Jassim's behalf to avoid burdening this Court, given that Sheikh Hamad bin Jassim
8  must have received notice of the Subpoenas if he retained Mr. Lloyd and Mr. Russell
9  to represent him in responding to them. *Id*. at 6. Applicants also informed Mr. Lloyd
10 and Mr. Russell that, if they did not evince their intent to accept service on Sheikh
11 Hamad bin Jassim's behalf by close of business on September 18, 2024, Applicants
12 planned to file a second application for an order approving prior methods of
13 alternative service ("Second Application for Alternative Service"), including service
14 of the Subpoenas on Sheikh Hamad bin Jassim via Messrs. Lloyd and Russell in that
15 same email. *Id*.

16       9.    On September 18, 2024, I called Mr. Lloyd and left him a voicemail to
17 orally advise him of Applicants' intention to file their Second Application for
18 Alternative Service. That same day, Mr. Lloyd responded to Applicants' email. *Id*.
19 at 5 (Email of Adam Lloyd, dates September 18, 2024). He maintained his refusal
20 to accept service of the Subpoenas on Sheikh Hamad bin Jassim's behalf. *Id*.
21 Instead, he initiated a meet and confer over Sheikh Hamad bin Jassim's anticipated
22 motion to quash the Subpoenas pursuant to L.R. 37-1 and 45-1, *id*., which we have
23 scheduled for October, 4, 2024. *Id*. at 2 (Email of Emma Claire Brunner, dated
24 September 24, 2024).

25       10.    On September 23, 2024, Applicants responded to Mr. Lloyd. *Id*. at 4–
26 5 (Email of Brianna Borrelli, dated September 23, 2024). Applicants informed him
27 that we disagree with the assertions he made in his email declining our request that
28 he accept service of the subpoenas on behalf of his client, Sheikh Hamad bin Jassim,

3
DECLARATION OF MICHAEL J. GOTTLIEB I/S/O APPLICANTS' SECOND EX PARTE APPLICATION

and noted that none of the authorities he cited offer any guidance with respect to the Applicants' Second Application for Alternative Service. *Id*. at 4. Accordingly, Applicants also informed him that we would promptly file Applicants' Second Application for Alternative Service and would note for the Court his opposition to the application per local rule 7-19.1. *Id*. That same day, Mr. Lloyd responded to Applicants' email, expressing his opposition to Applicants Second Application for Alternative Service and conveying his views, with which we disagree for the reasons described in Paragraph 11 and the correspondence cited therein, that such an application is "procedurally improper" under L.R. 37-1 and 45. *Id*. at 3 (Email of Adam Lloyd, dated September 23, 2024).

11. On September 24, 2024, Applicants responded to Mr. Lloyd, informing him that we disagree with his characterization of the facts and the law, and that we believe Applicants' Second Application for Alternative Service to be proper. *Id*. at 1–2 (Email of Emma Claire Brunner, dated September 24, 2024). Applicants informed Mr. Lloyd that Local Rules 37-1 and 45-1 do not apply to their Second Application for Alternative Service because it is neither a discovery motion as required under L.R. 37-1, nor are Applicants claiming that the Subpoenas have, at the time of filing this Application, been "served on" Sheikh Hamad bin Jassim, as required under L.R. 45-1. *Id*. at 2. Applicants also informed him that we had thoroughly exhausted our efforts to reach any potential resolution regarding the relief sought in Applicants' Second Application for Alternative service, and any further conference would be futile, especially in the context of Sheikh Hamad bin Jassim's anticipated motion to quash subpoenas that his counsel contended had not been served, while refusing to accept service of the same. *Id*. at 1–2 Accordingly, Applicants notified Mr. Lloyd that they would be promptly filing their Second Application for Alternative Service. *Id*. at 2.

12. I understand that Sheikh Hamad bin Jassim's residence is held by Chalon Holdings LLC, a Delaware limited liability company, s*ee* Ex. 10, with which

he appears to, at least, bear a close relationship. Exhibit 10 indicates that Chalon Holding LLC's sole member and manager is "Chalon Properties," at the address of 67 Brook Street, London, W1K 4NJ, United Kingdom. I understand this address to be the same address listed for Qaya Limited, a U.K. entity of which Sheikh Hamad bin Jassim is publicly listed as an "active person with significant control." *See* Ex. 11 at ¶ 4. It is also my understanding that Sheikh Hamad bin Jassim has used this address as his primary business address in London, as Applicant Patrick McKillen regularly met with Sheikh Hamad bin Jassim there during the pendency of their business relationship. *See* Ex. 12 at ¶ 10.

13. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 24, 2024, in Washington, District of Columbia.

/s/ Michael J. Gottlieb
Michael J. Gottlieb