1  JASON D. RUSSELL (SBN 169219)
   jason.russell@skadden.com
2  ADAM K. LLOYD (SBN 307949)
   adam.lloyd@skadden.com
3  KHALED B. ABBAS (SBN 335086)
   khaled.abbas@skadden.com
4  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   2000 Avenue of the Stars, Suite 200N
5  Los Angeles, California 90067
   Telephone:  (213) 687-5000
6  Facsimile:   (213) 687-5600

7  *Attorneys for Specially Appearing Movant*
   SHEIKH HAMAD BIN JASSIM BIN
8  JABER BIN MOHAMMED BIN THANI
   AL THANI

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE APPLICATION OF PATRICK MCKILLEN AND HUME STREET MANAGEMENT CONSULTANTS LIMITED FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**,<br><br>Applicants. | CASE NO.: 2:24-mc-00062-JFW-PD<br><br>**DECLARATION OF GONZAGUE D'AUBIGNY IN SUPPORT OF MOTION TO QUASH SUBPOENAS ISSUED UNDER 28 U.S.C. § 1782.**<br><br><u>DISCOVERY MATTER</u><br><br>Magistrate Judge: Patricia Donahue<br>Courtroom: 580<br>Hearing Date: January 31, 2025<br>Hearing Time: 1:30 p.m.<br><br>Discovery Cutoff: Not applicable<br>Pre-trial Conference: Not applicable<br>Trial Date: Not applicable |

## DECLARATION OF GONZAGUE D'AUBIGNY

I, Gonzague d'Aubigny, declare and state as follows:

1. I submit this declaration in support of the Motion To Quash Subpoenas Issued Under 28 U.S.C. § 1782 in the above-captioned matter (the "Motion"). I make this declaration based on my own personal knowledge, and if called upon to do so, I could and would testify competently thereto.

2. I am a citizen of France, and I currently reside in Versailles, France.

3. I am an attorney in France, where I was admitted to practice law in 2017. I am a senior associate at the Teynier Pic law firm in Paris, where I practice commercial litigation. Prior to joining Teynier Pic, I practiced litigation for over six years at Cleary Gottlieb Steen & Hamilton in Paris. I also previously served as a clerk for the Paris Commercial Court. I graduated from Paris-Panthéon-Assas University, commonly known as the Paris-II University Law School, with a master's degree in litigation in 2015. I have also lectured in corporate law at Paris-II. I am fluent in the French and English languages.

4. I represented Constellation Paris SAS ("Constellation Paris") in discovery proceedings initiated by Hume Street Management Consultants Limited ("Hume Street") before the President of the Paris Commercial Court and related appeals before the Paris Court of Appeal in connection with a dispute regarding Hume Street's purported "project management" work at a hotel project in Paris (the "Paris Project"). I also represent Constellation Paris in merits proceedings related to the Paris Project initiated by Hume Street against Constellation Paris on May 17, 2024.

5. I have reviewed the certified translations of the relevant proceedings before the President of the Paris Commercial Court and the Paris Court of Appeal that are attached as Exhibits 1 through 6 to the Declaration of Gregory Jackson. To the best of my knowledge, I do not know Mr. Jackson and have never spoken to him. These exhibits are accurate translations from French to English of copies of the original orders from the President of the Paris Commercial Court dated June 23, 2023, July 28, 2023, November 3, 2023, and January 12, 2024, and of the original decisions from the Paris Court of Appeal

1

dated May 30, 2024. I am familiar with the original French orders and decisions as part of my representation of Constellation Paris in France. I understand that this Court had not been provided with these orders and decisions, either in French or English, until Sheikh Hamad bin Jassim ("HBJ") submitted them in support of his Motion.

6. I have also reviewed the *ex parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding from Sheikh Hamad bin Jassim that applicants Patrick McKillen and Hume Street (collectively, "Applicants") filed in the above-captioned court on May 6, 2024 (the "Application"), along with the accompanying declarations of David Apelbaum ("Apelbaum") and Kamalia Mehtiyeva ("Mehtiyeva"). Based on my review of these documents, as well as the orders from the President of the Paris Commercial Court and the Paris Court of Appeal, and my experience representing Constellation Paris in those proceedings, I believe that the Application, Apelbaum, and Mehtiyeva give an incomplete overview to this Court of the results of the discovery proceedings before the French courts.

7. I first note that Mehtiyeva was not involved in the proceedings before the President of the Paris Commercial Court or the Paris Court of Appeal, and expressly states that she is relying on Apelbaum's declaration for her understanding of those proceedings. I also find it odd that Apelbaum would not provide this Court with copies of the actual orders from the President of the Paris Commercial Court, given that they were in his possession due to his and his firm's representation of Hume Street in those proceedings. I find it also odd that the Applicants would rush to file their Application in the short time period between the hearing for oral arguments before the Paris Court of Appeal on their own appeals, held on April 25, 2024, and the date on which the Paris Court of Appeal announced it would issue its rulings (which it effectively did), i.e. May 30, 2024.

8. In June 2023, Hume Street initiated *ex parte* discovery proceedings before the President of the Paris Commercial Court under Article 145 of the French Code of Civil Procedure ("Article 145"), and requested permission to obtain discovery from HBJ, Constellation Paris and several other parties. Article 145 permits discovery only if the

2

D'AUBIGNY DECL. ISO MOTION TO QUASH SUBPOENAS
ISSUED UNDER 28 U.S.C. § 1782

applicant can set forth, among other conditions, plausible and credible assumed facts which are relevant and useful to support a legally sufficient theory of liability that is not clearly doomed to failure, and show that the requested discovery is likely to improve the applicant's evidentiary situation. If the applicant cannot make this showing, or if the applicant already has sufficient means of proof to establish the assumed facts, the requested discovery is of no use and must be rejected under Article 145.

9. On June 23, 2023, the President of the Paris Commercial Court found that Hume Street could not make the required showing under Article 145 to seek discovery from either Constellation Paris or HBJ. Thus, the President of the Paris Commercial Court rejected the application for lack of legitimate grounds, finding, among other things, that the requested discovery was "irrelevant to establish proof of the bad faith of CONSTELLATION PARIS and of Sheikh Hamad bin Jassim." In essence, the President of the Paris Commercial Court found that Hume Street did not put forth plausible and credible assumed facts that were relevant and useful to support a legally sufficient theory of liability as to HBJ.

10. On July 4, 2023, Hume Street lodged with the President of the Paris Commercial Court an appeal of the June 23 decision, which asked the President of the Paris Commercial Court to reconsider its prior order. On July 28, 2023, the President of the Paris Commercial Court found that there was "no reason to withdraw" the June 23 order rejecting Hume Street's requested discovery from HBJ. However, the President of the Paris Commercial Court did partially withdraw the June 23 order as to Constellation Paris only, and allowed Hume Street to seek discovery from Constellation Paris. This permitted discovery from Constellation Paris included any emails sent to or received from HBJ's email address.

11. Constellation Paris appeared before the President of the Paris Commercial Court for the first time in October 2023 in response to Hume Street's attempt to execute the July 28 order and request for an order compelling Constellation Paris's cooperation. I represented Constellation Paris at this proceeding. I informed the President of the Paris

Commercial Court that we had a pending request to the President of the Paris Commercial Court to withdraw the July 28 order. On November 3, 2023, the President of the Paris Commercial Court found that Constellation Paris did not obstruct enforcement of the July 28 order and stayed further proceedings pending the outcome of the decision whether to withdraw the July 28 order.

12. On January 12, 2024, the President of the Paris Commercial Court withdrew its July 28 order that allowed discovery from Constellation Paris.

13. Hume Street appealed the November 3, 2023 order and the January 12, 2024 order to the Paris Court of Appeal. On May 30, 2024, the Paris Court of Appeal affirmed the President of the Paris Commercial Court's January 12, 2024 order withdrawing its July 28 order that permitted discovery as to Constellation Paris. In light of this ruling, the Court of Appeal also found that Hume Street's request for an order compelling Constellation Paris's cooperation—which was the subject of the November 3 order—"is necessarily without purpose given this withdrawal." As a result, the Court dismissed Hume Street's claims. Thus, the President of the Paris Commercial Court and the Paris Court of Appeal have authoritatively rejected Hume Street's requested discovery as to HBJ and Constellation Paris.

14. On June 19, 2024, HSMC lodged an appeal against the Paris Court of Appeal's decisions dated May 30, 2024. Proceedings before the French Supreme Court (*Cour de cassation*) are pending. Hume Street is expected to file its submissions, at the latest, on December 19, 2024. Constellation Paris will then have two months from the date of filing to file its response. However, Hume Street is not permitted to submit any new evidence to the French Supreme Court as part of its appeal against the Paris Court of Appeal's decisions.

15. Based on the specific and multiple orders from the President of the Paris Commercial Court and the decisions of the Paris Court of Appeal, and based on my own experience, I believe that the Paris Commercial Court would not be receptive to or consider the discovery sought by the Application, which seeks to establish the same facts and

theories that the French courts already rejected as irrelevant, to this very day. This is particularly true were this Court to allow a deposition of HBJ seeking this same irrelevant information, as depositions are not even permitted by French procedure in this context.

16. For these reasons, I believe that Applicants are attempting to circumvent the orders from the President of the Paris Commercial Court and the decisions of the Paris Court of Appeal by seeking the same requested discovery that was already specifically considered and rejected by the French courts.

17. I have also reviewed the proposed categories of documents and testimony sought from HBJ by the relevant document and deposition subpoenas issued in California. Based on my review of these subpoenas, and my representation of Constellation Paris, I believe that Applicants are using the subpoenas to investigate whether litigation against HBJ is even possible and to search for a plausible theory of liability against HBJ. If they already had one, the French courts would likely not have rejected Hume Street's requested discovery under Article 145.

18. For the foregoing reasons, I disagree with Apelbaum's assertion that the discovery sought from HBJ by the Application here is "crucial to the resolution to the French Merits Proceeding." Apelbaum Decl. ¶ 36. This is apparent from the fact that these proceedings on the merits have now actually been initiated by Hume Street before the Paris Commercial Court. To the contrary, the French courts have instead found it to be irrelevant and not useful to those proceedings.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on November 7, 2024, in Paris, France.

By: _____
Gonzague d'Aubigny