JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
ADAM K. LLOYD (SBN 307949)
adam.lloyd@skadden.com
KHALED B. ABBAS (SBN 335086)
khaled.abbas@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600

*Attorneys for Specially Appearing Movant*
SHEIKH HAMAD BIN JASSIM BIN JABER
BIN MOHAMMED BIN THANI AL THANI

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE APPLICATION OF PATRICK MCKILLEN AND HUME STREET MANAGEMENT CONSULTANTS LIMITED FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**,<br><br>Applicants. | CASE NO.: 2:24-mc-00062-JFW-PD<br><br>**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF SPECIALLY APPEARING MOVANT SHEIKH HAMAD BIN JASSIM'S MOTION TO QUASH SUBPOENAS ISSUED UNDER 28 U.S.C. § 1782**<br><br><u>DISCOVERY MATTER</u><br><br>Magistrate Judge:  Patricia Donahue<br>Courtroom:  580<br>Hearing Date: January 31, 2025<br>Hearing Time: 1:30 p.m.<br><br>Discovery Cutoff: Not applicable<br>Pre-trial Conference: Not applicable<br>Trial Date: Not applicable |

SUPP. MEM. ISO MOTION TO QUASH SUBPOENAS

# TABLE OF AUTHORITIES

Page(s)

*AEG Holdco, LLC. v. Vazquez*,
   No. CV 21-05290-VAP (AGRx),
   2022 WL 19076647 (C.D. Cal. Dec. 22, 2022) ......................................................... 1

*In re Américo Fialdini Junior*,
   No. 21-mc-0007-WJM-NYW,
   2021 WL 253455 (D. Colo. Jan. 26, 2021) ............................................................... 4

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008) .................................................................................. 3

*Branca v. Bai Brands, LLC*,
   No. 3:18-cv-00757-BEN-KSSC,
   2019 WL 1082562 (S.D. Cal. Mar. 7, 2019) ........................................................ 2, 3

*Chambers v. Whirlpool Corp.*,
   No. SA CV 11-1733 FMO (JCGx),
   2016 WL 9451361 (C.D. Cal. Aug. 12, 2016) ......................................................... 1

*Davis v. Cranfield Aerospace Solutions, Ltd.*,
   71 F.4th 1154 (9th Cir. 2023),
   *cert. denied,* 144 S.Ct. 826 (2024) ........................................................................... 3

*In re del Valle Ruiz*,
   939 F.3d 520 (2d Cir. 2019) ..................................................................................... 4

*In re Delta Air Lines, Inc.*,
   No. LA CV20-00786-JAK (SKx),
   2023 WL 9018986 (C.D. Cal. Dec. 4, 2023) ............................................................ 1

*Hellmich v. Mastiff Contracting, LLC*,
   No. SACV-14-01354-DOC (KESx),
   2017 WL 11632081 (C.D. Cal. May 11, 2017) ........................................................ 1

*In re Hranov,*
   No. 21-mc-751 (PKC),
   2022 WL 1261827 (S.D.N.Y. Apr. 28, 2022) ........................................................... 4

*In re Kegel,*
    67 F.Supp.3d 1054 (D.N.D. 2014) .............................................................................. 1

*L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*,
    No. CV 16-9325-RSWL-KSx,
    2017 WL 1535084 (C.D. Cal. Apr. 27, 2017) ............................................................. 2

*McDonald v. Travelers Commercial Insurance Co.*,
    No. CV 22-00781 MWF (RAOx),
    2023 WL 8125840 (C.D. Cal. Oct. 17, 2023) ............................................................. 1

*In re MTS Bank*,
    No. 17-21545-MC-WILLIAMS/TORRES,
    2017 WL 3155362 (S.D. Fla. July 25, 2017) .............................................................. 5

*In re Oxus Gold PLC*,
    No. MISC. 06-82,
    2006 WL 2927615 (D.N.J. Oct. 11, 2006) ................................................................. 5

*Performance Credit Corp. v. EMC Mortgage Corp.*,
    No. SACV07-383 DOC (RNBx),
    2009 WL 10675694 (C.D. Cal. Apr. 16, 2009) .......................................................... 1

*In re Peruvian Sporting Goods S.A.C.*,
    No. 18-mc-91220,
    2018 WL 7047645 (D. Mass. Dec. 7, 2018) ............................................................... 4

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015) .................................................................................... 3

*Sher v. Johnson*,
    911 F.2d 1357 (9th Cir. 1990) .................................................................................... 3

*Yolo Medical, Inc. v. Lila Enterprise, LLC*,
    No. CV 14-06537-AB (RZx),
    2014 WL 12558291 (C.D. Cal. Dec. 3, 2014) ............................................................ 2

Specially Appearing Movant HBJ respectfully submits this Supplemental Memorandum in support of his Motion.[1] As shown below, Applicants' evidence *confirms* HBJ has not been personally served, does not reside in Los Angeles, infrequently visits on short vacations, and has not been here in nearly a year. Applicants' inapposite authority and ad hominem attacks do not save their Application for discovery that French courts already determined they are not entitled to receive. As such, the Motion should be granted.

I. **THE SUBPOENAS WERE NOT PROPERLY SERVED ON HBJ**

As HBJ showed, the subpoenas should be quashed because they were not personally served on HBJ. *See* Joint Stipulation ("Joint Stip.") at 7-11 (collecting cases). Applicants admit the "majority" of courts require "hand-to-hand" service of subpoenas and do not dispute personal service is required by the plain text of Rule 45(b)(1). *See id*. at 13.

Instead, Applicants ask this Court to defy the majority rule and Rule 45, claiming HBJ is "evading" their (two) "diligent attempts" at personal service. *See id*. at 13-16. Applicants rely on inapposite cases allowing substitute service after egregious evasion of numerous attempts at service, but tellingly cite no authority involving a Section 1782 application to obtain discovery in a foreign proceeding *or* a foreign citizen whose residence is in dispute. *Id*.[2] Applicants ignore that the "procedure contemplated by § 1782(a) *necessarily requires personal service upon*" HBJ. *In re Kegel,* 67 F.Supp.3d 1054, 1059

---

[1] All emphases in quoted material are added and citations, punctuation, and alterations are omitted for ease of reading. Capitalized terms are as defined in the Joint Stipulation.

[2] *See In re Delta Air Lines, Inc.,* 2023 WL 9018986, at *2 (C.D. Cal. Dec. 4, 2023) (expert witness "actively evaded" five personal service attempts, "stopped responding to email, and ignored counsel's attempts to contact her"); *McDonald v. Travelers Com. Ins. Co.*, 2023 WL 8125840, at *3 (C.D. Cal. Oct. 17, 2023) (personal service "attempted on multiple occasions… including the use of surveillance… on its CEO Richard Blanchard," who spoke to process server about subpoena); *AEG Holdco, LLC. v. Vazquez*, 2022 WL 19076647, at *2 (C.D. Cal. Dec. 22, 2022) (witness evaded six personal service attempts and efforts to contact him directly and through his wife); *Hellmich v. Mastiff Contracting, LLC*, 2017 WL 11632081, at *2-3 (C.D. Cal. May 11, 2017) (Utah attorney had obligation to maintain valid address, refused service, and would not provide physical location); *Chambers v. Whirlpool Corp.*, 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016) (three attempts on "serial objectors" who, by "affirmatively participating in the case… should be willing to submit themselves to proceedings relating to… their objections"); *Performance Credit Corp. v. EMC Mortg. Corp.*, 2009 WL 10675694, at *2 (C.D. Cal. Apr. 16, 2009) (seven attempts to personally serve "**the most important witness in this action**" at his Goldman Sachs office and apartment) (emphasis in original).

n.4 (D.N.D. 2014). As shown below, the undisputed evidence shows HBJ is not "evading" service, but simply was not in Los Angeles, which he visits only rarely for brief vacations. *Infra* §II. Thus, even if substitute service of the Subpoenas *were* proper—and it is not—Applicants have failed to show it is permitted where, as here, the residence of the subpoena target and the validity of the Section 1782 application is in dispute.

## II.     THE COURT HAS NO PERSONAL JURISDICTION OVER HBJ

HBJ also showed the Subpoenas must be quashed because this Court lacks both general and specific personal jurisdiction over HBJ: HBJ is domiciled in Qatar and the discovery sought is unrelated to HBJ's California contacts. Joint Stip. at 18-21.

**General Jurisdiction.** Applicants concede HBJ is domiciled in Qatar, and admit that "[c]ourts may only exercise general jurisdiction over individuals whose affiliation with the forum state are so continuous and systematic that the defendant is essentially at home in the forum," based on "indicia" like "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Yolo Med., Inc. v. Lila Enter., LLC*, 2014 WL 12558291, at *2 (C.D. Cal. Dec. 3, 2014) (quoted by Applicants). Thus, "general jurisdiction presents a high bar." *Id*. "[F]requent visits to a forum or owning property in the forum, alone, do not satisfy general jurisdiction." *L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*, 2017 WL 1535084, at *4 (C.D. Cal. Apr. 27, 2017); *see also Branca v. Bai Brands, LLC*, 2019 WL 1082562, at *17 (S.D. Cal. Mar. 7, 2019) (fact that defendants "may otherwise own property or frequently travel to California is not entitled to any weight" in general jurisdiction analysis).

Applicants gamely insist HBJ is subject to general jurisdiction. Joint Stip. at 25-30. Applicants' baseless assertion that HBJ "lives in Los Angeles" (*id*. at 29) is undermined by their representatives' letter to HBJ at his home in Doha *months after* seeking relief from this Court. *See* Hamilton Decl. Ex. 1. Their own evidence establishes HBJ's "most recent trip" to California was in February 2024, and the social media posts and flight records of his "constant world travels" trumpeted by Applicants confirm that over the last six years, HBJ has visited Los Angeles no more than *seven times*, for a few weeks or less, and in

2
SUPP. MEM. ISO MOTION TO QUASH SUBPOENAS

some years did not visit at all. *See* Joint Stip. at 27-28 n.21; *see also id.* at 2, 40-41 (HBJ evidence). Applicants admit HBJ does not personally own the Los Angeles property, but claim he is associated with a "shell corporation" that does. *Id*. at 27. They also cite hearsay news articles to claim he has a "business interest" in Maybourne Beverly Hills Hotel. *Id.* But Applicants told the state court the hotel is owned by another entity and individual, not HBJ, admitting HBJ only has a partial interest in an English holding company twice removed from the hotel. *See* ECF 28 Ex. 1 ¶¶16, 22. In any case, "mere corporate association… does not supply a basis for general jurisdiction, as a corporation's contacts with California may not be imputed to" HBJ. *Branca,* 2019 WL 1082562, at *17.

**Specific Jurisdiction.** Applicants admit the underlying dispute and discovery concern "the existence of a formal agreement" between HBJ and Applicants regarding the Saint-Germain Project. Joint Stip. at 22. The "purposeful availment" test for specific jurisdiction thus applies, and Applicants must show HBJ "performed some type of affirmative conduct which allows or promotes the transaction of business within" California. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). Applicants invoke non-binding out-of-Circuit authority (Joint Stip. at 23-24), but the Ninth Circuit consistently finds in-person meetings incidental to an out-of-forum transaction do *not* constitute purposeful availment of a forum.[3] Here, Applicants rely solely on McKillen's vague claim that he met with HBJ "on more than one occasion" in Los Angeles to discuss "various hotel projects," including the Saint-Germain Project, without further detail. (McKillen Decl. ¶6.) This does not help Applicants, since neither HBJ nor Applicants are California residents, the Saint-Germain Project is indisputably in Paris, and, as Applicants claim, HBJ "worked on the Saint-Germain Project in many jurisdictions." Joint Stip. at 22.

---

[3] *See Davis v. Cranfield Aerospace Sols.*, 71 F.4th 1154, 1166 (9th Cir. 2023) (two trips by English defendant's employees to Idaho facility "too attenuated" for specific jurisdiction where "bulk of" defendant's contract work performed in United Kingdom); *Picot v. Weston*, 780 F.3d 1206, 1213 (9th Cir. 2015) (employee's two trips to California to assist in presentations as part "of broader efforts to develop and market" technology in Michigan did not subject him to specific jurisdiction); *Sher v. Johnson*, 911 F.2d 1357, 1363 (9th Cir. 1990) (Florida lawyer's three trips to California to meet with client "were discrete events arising out of a case centered entirely in Florida" insufficient for specific jurisdiction).

3
SUPP. MEM. ISO MOTION TO QUASH SUBPOENAS

Moreover, because the "purposeful availment" of the forum "must be the *primary* or proximate reason that the evidence sought is available at all," a Section 1782 applicant is "generally require[d]… to provide additional specificity concerning the discovery it seeks" and its connection to the forum for specific jurisdiction. *In re del Valle Ruiz*, 939 F.3d 520, 530 & n.12 (2d Cir. 2019); *see also Matter of Hranov,* 2022 WL 1261827, at *6 (S.D.N.Y. Apr. 28, 2022) (quashing Section 1782 application seeking discovery "far beyond Deutsche Bank's forum ties," "not focused on" communications in forum, and with "no geographic or temporal limitations"); Joint Stip. at 19-21 (collecting cases requiring discovery sought relate to respondent's California contacts). Applicants contend their discovery "plainly targets [HBJ]'s activities within California" (*id*. at 24), but the Subpoenas do not mention California or the Los Angeles property. Instead, they seek "any and all" documents and communications "relating directly or indirectly" to the Saint-Germain Project, and "[a]ny other agreements and/or dealings" between HBJ and McKillen at any time. *See* ECF 1-1 & 1-2. Applicants' vague claims of meeting "more than on[c]e" in California are not sufficiently connected to their broad discovery to subject HBJ to specific jurisdiction here.

### III. APPLICANTS FAILED TO SHOW SECTION 1782'S FACTORS ARE MET

HBJ detailed how neither the mandatory statutory nor discretionary Section 1782 factors permit discovery here. Joint Stip. at 31-57. Applicants fail to refute that showing.[4]

**Statutory Factors.** Unable to refute HBJ's showing that he does not reside and is not "found" in this District (*id*. at 38-45), Applicants rely on the same (insufficient) evidence offered in support of their personal jurisdiction arguments and the State Court Order (glossing over the State Court's inconvenient findings about his "limited" time here). *Id*. at 64-71. Again, Applicants' inapposite out-of-Circuit authority does not help them. *Id*.[5]

---

[4] Applicants do not engage with, let alone refute, HBJ's showing the Subpoenas do not comply with Rule 45(c)(1)(A)'s geographical limitations (Joint Stip. at 86-88), other than insisting HBJ "resides in Los Angeles," which is plainly wrong, as shown. *Id.* at 88-89

[5] *See In re Américo Fialdini Junior*, 2021 WL 253455, at *3 (D. Colo. Jan. 26, 2021) (respondents were "routinely present in Aspen" and discovery pertained to their "potential misuse of… funds in renting real property in Colorado"); *In re Peruvian Sporting Goods S.A.C.*, 2018 WL 7047645, at *5 n.9 (D. Mass. Dec. 7, 2018)("Notably, [Respondent] has
*(cont'd)*

HBJ also showed discovery sought here cannot be used in the French Proceedings because the Paris Commercial Court already twice rejected the exact same discovery request as "irrelevant and unnecessary," and was affirmed by the Paris Court of Appeal. Joint Stip. at 32-37, 45-49. In response, Applicants admit they "sought discovery intended to establish proof of similar facts" but lamely posit that the court in the French Merits Proceeding *might not* "refuse" their discovery, even while admitting "the French Merits Proceeding [is] pending in front of the Paris Commercial Court"—the *same court* that twice denied the *same discovery* under the *same rationale* presented here. *Id*. at 73-76.

**Discretionary Factors.** HBJ showed Applicants plainly are seeking to circumvent the multiple and specific findings in the French Proceedings rejecting Applicants' requests for the exact same discovery because Hume Street's claims were not "plausible" or "credible," and in any event the information sought is unduly burdensome and already in Applicants' possession. Joint Stip. at 50-55, 57. In response, Applicants again quibble with the French courts' rulings and insist the requests are "narrowly tailored" (*id*. at 78-86), but as shown above, Applicants are wrong on all counts.

Finally, Applicants' cursory gainsaying of HBJ's showing that he is entitled to his attorneys' fees due to Applicants' misconduct likewise fails to refute that showing. *Id*. at 89-94. Thus, the Motion should be granted.

DATED: January 17, 2025

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/ Jason D. Russell*
JASON D. RUSSELL
*Attorneys for Specially Appearing Movant*
SHEIKH HAMAD BIN JASSIM BIN JABER
BIN MOHAMMED BIN THANI AL THANI

---

not stated that he does not reside in Massachusetts."); *In re MTS Bank*, 2017 WL 3155362, at *4-5 (S.D. Fla. July 25, 2017) (describing respondent's "substantial activities in Florida, such as purchasing and registering" cars, owning real property and a Palm Beach telephone number, paying real estate taxes and engaging in "several financial transactions"); *In re Oxus Gold PLC*, 2006 WL 2927615, at *5 (D.N.J. Oct. 11, 2006) (respondent "*admittedly* present… in New Jersey on a consistent basis" for "two months out of every year").